UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DANIEL ROSARIO-GONZALEZ, JUAN VELEZ-PADILLA,

   Plaintiffs,

   v.

SEGUROS MÚLTIPLES, et al.,

   Defendants.

Civil No. 13-1079 (JAF)

**OPINION AND ORDER**

Plaintiffs, appearing pro se, bring suit against Defendants, the insurer Cooperativa de Seguros Múltiples ("Seguros Múltiples") and its employees. (Docket No. 2.) Plaintiffs allege that Defendants committed a variety of wrongful actions in relation to a claim that Plaintiffs made for an alleged vehicular accident they had with a Seguros Múltiples policyholder. (Id.) Plaintiffs allege that Defendants failed to pay Plaintiffs the full value of their claim and then engaged in fraudulent and deceitful practices. (Id.) Defendants moved to dismiss Plaintiffs' complaint, arguing that Plaintiffs had failed to state a claim under federal law. (Docket No. 12.) Plaintiffs filed a variety of motions, none of which responded to Defendants' arguments. (Docket Nos. 13; 15; 17.) For the following reasons, we grant Defendants' motion to dismiss.

## I.

## **Allegations**

Plaintiffs allege that they were in a car accident with a policyholder of Seguros Múltiples. (Docket No. 2.) After the car accident, Plaintiffs went to the offices of Seguros Múltiples. (Id.) There, they received a $3,000 check and signed a form which they claim was blank. (Id.) Plaintiffs allege that after that, Defendants fraudulently asserted that Plaintiffs had signed an agreement that released Seguros Múltiples from all liability for the accident. (Id.) Plaintiffs seek $10,000,000 for their alleged emotional and physical damages. (Id.) Plaintiffs' complaint does not state what causes of action they believe arise under federal law. (Id.) The complaint invokes federal question jurisdiction pursuant to the civil rights and elective franchise statute, 28 U.S.C. §§ 1331 and 1343[a][1],[2],[3],[4]. (Docket No. 2 at 1.)

## II.

## **Legal Standards**

**A.    Rule 12 (b)(1) Motion to Dismiss**

A defendant may move to dismiss an action against him under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Federal courts are obligated to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case. Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14 (1st Cir. 2013) (citations omitted). Moreover, it is "black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (citations omitted).

Civil No. 13-1079 (JAF)                                                                                                -3-

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occupational Safety & Health Admin., 62 F.3d 37 (1st Cir. 1995) (citing 5A Charles Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, at 210 (2d ed. 1990)). "It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect." Northeast Erectors, 62 F.3d at 39 (citing 2A James Moore, et al., MOORE'S FEDERAL PRACTICE § 12.07, at 12-49 & n. 3 (1993)).

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). Subject-matter jurisdiction is properly invoked when a colorable claim "arising under" the Constitution or law of the United States is pled. 28 U.S.C. § 1331; Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted). Usually, a claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint. See Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1988) (internal citations omitted).

Rule 12(b)(1) provides a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358,

Civil No. 13-1079 (JAF) -4-

362–63 (1st Cir. 2001). A movant may base a challenge to the sufficiency of the plaintiff's assertion of subject matter jurisdiction solely on the pleadings. Id. at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363; see Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000).

**B.** **Rule 12 (b)(6) Motion to Dismiss**

A plaintiff's complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

## III.

## Analysis

Plaintiffs do not state what they believe are the causes of action under federal law. (Docket No. 2.) The only clue appears on page one of the complaint, where Plaintiffs invoke jurisdiction under 28 U.S.C. §§ 1331 and 1343[a]. (Id. at 1.) Defendants, noting that § 1343 provides jurisdiction over civil rights claims, construe Plaintiffs' complaint as an invalid claim under 42 U.S.C. § 1985. (Docket No. 12.) Defendants argue that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Id. at 3.) Plaintiffs have failed to respond to Defendants' legal arguments.

Civil No. 13-1079 (JAF)                                                                                          -5-

Motions under Rule 12(b)(1) and 12(b)(6) are "analytically different . . . the former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated." 5B Charles Wright & Arthur Miller, Federal Practice and Procedure § 1350, at 106 (3d ed. 2010). Moreover, "[b]ecause of the importance of the Rule 12(b)(1) defense to the proper functioning of the Constitution's distribution of judicial power between the federal and state courts, federal courts should treat an improperly identified motion that actually challenges the court's authority or competence to hear the action as if it properly raised the jurisdictional point." Id. We, therefore, construe Defendants' motion as one under Rule 12(b)(1) and dismiss on that basis.

While the difference between 12(b)(1) and 12(b)(6) motions can often be difficult to discern, see 5B Wright & Miller, Federal Practice and Procedure § 1350, at 106-114, we think that Defendants' argument is more properly characterized as a jurisdictional one. (Docket No. 12 at 8.)  In their motion to dismiss, Defendants argue: "Whether the payment of $3,000 made by Cooperativa de Seguros Múltiples de Puerto Rico to each plaintiff for the physical damages, allegedly sustained in the accident was a full or partial payment is a matter only actionable under the laws of Puerto Rico, not under the federal laws invoked by plaintiffs." (Docket No. 12 at 8.)  We agree and dismiss under Rule 12(b)(1). Because our dismissal is for lack of jurisdiction, rather than on the merits, our dismissal is without prejudice. See Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction over a case, it is

Civil No. 13-1079 (JAF) -6-

precluded from rendering any judgment on the merits of the case."); <u>Northeast Erectors</u>, 62 F.3d at 39 (noting that dismissals under Rules 12(b)(1) and 12(b)(6) carry different consequences: "dismissal under the former, not being on the merits, is without res judicata effect."); <u>Skillman v. Suffolk Jewelers & Pawnbrokers</u>, No. 10-11407, 2010 WL 5099365, at *6 (D. Mass. Dec. 7, 2010) (dismissing complaint without prejudice for lack of federal subject-matter jurisdiction)

Plaintiffs' attempt to claim federal jurisdiction under § 1343 is frivolous. § 1343(a) provides:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Civil No. 13-1079 (JAF) -7-

Plaintiffs' complaint does not even mention any allegations that are covered by these civil rights statutes. See, e.g., Gonzalez-Cancel v. Partido Nuevo Progresista, 696 F.3d 115, 119 (1st Cir. 2012) ("Because [§1343(a)(3)] mirrors the text of § 1983, federal jurisdiction will attach if a plaintiff has alleged a colorable claim under § 1983."); Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23 (1st Cir. 1996) ("An actionable section 1985(3) claim must allege that (i) the alleged conspirators possessed 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus,' and. . . (ii) their alleged conspiracy was 'aimed at interfering with rights ... protected against private, as well as official, encroachment.'") (internal citations omitted). Plaintiffs have not come close to stating a colorable claim under §§ 1983 or 1985. Their complaint does not allege any state action or discriminatory animus. Therefore, it is clear that § 1343 cannot provide federal jurisdiction here. Plaintiffs' claim will be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Finally, we note again, see Docket No. 4, that this is merely the latest in a long line of attempts by this Plaintiff, Rosario-González, to abuse the legal process. See Civil Nos. 08-1836 (RLA), 08-1837 (CCC), 08-1838 (RLA), 08-2212 (FAB), 08-2213 (GAG), 09-2200 (DRD), 12-1208 (DRD), and 13-1106 (JAF). This court will continue to discharge its constitutional duty by carefully policing its own jurisdiction. See Godin v. Schenks, 629 F.3d 79, 83 (1st Cir. 2010) ("[A] court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."); see also 5B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, at 120 ("[B]ecause of the fundamental and systemic nature

Case 3:13-cv-01079-JAF   Document 29   Filed 08/07/13   Page 8 of 8

Civil No. 13-1079 (JAF)                                                                                                   -8-

of the defense, and its centrality to basic principles of judicial federalism, lack of subject matter jurisdiction may be asserted at any time by the court, sua sponte, either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary."). Plaintiffs are hereby warned that bringing such frivolous claims in federal court will bring no benefits, and risks sanctions.

## IV.

### **Conclusion**

For the foregoing reasons, Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**. There is no federal subject-matter jurisdiction for Plaintiffs' claim.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of August, 2013.

                                          s/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          United States District Judge